EMELINE J. MORRILL *vs.* EDWARD DE LA GRANJA.
SAME *vs.* SAME & others.
LOUISA J. MORRILL *vs.* SAME & another.

The owner of a house leased it for a year on condition that the lessee should pay rent monthly in advance, board him and his family at her expense, and board his servant at a rate to be agreed. Upon his demand for payment of rent for the second month of the. term, when due, she asked for " allowances," first for boarding his servant, next his visitors, and finally himself and his family, each of which he refused to make. On his refusal, she refused to pay rent or furnish board, and sued him on an account for board furnished for him and his family, as well as for his servant and visitors. While this action was pending, he peaceably dispossessed her of the house; and she sued him thereupon in trespass. In these actions, tried together, *Held*, that she might recover the value of the board of his servant and visitors; but that he was warranted in so dispossessing her for breach of the condition of the lease.

THREE ACTIONS tried together. The first was of contract on an account for board of the defendant and his wife from May 11, 1866, to June 8, 1866, $80; for board of the defendant's servant four weeks, $12; and for board of four friends of the defendant two weeks at his request, $120. The dates of furnishing the board charged in the two last items were not specified. Writ dated June 20, 1866. The second action was of tort in the

nature of trespass *quare clausum fregit,* for eviction of the plaintiff from a house on Temple Street in Boston. Writ dated June 23, 1866. The third, also of tort, was for assault and battery of the plaintiff, and conversion of her trunks and clothing. Writ dated June 25, 1866. The parties joined with De la Granja as defendants in the second and third actions were his assistants in the alleged eviction and assault.

The answer in the action of contract was a general denial of the plaintiff's claim; in the first action of tort was a justification of the eviction on the ground of the defendant De la Granja's lawful possession of the house at the time; and in the second action of tort was a denial of any conversion of property, and an averment that any violence used by the defendants was in self-defence.

In the superior court, *Brigham,* J., allowed a bill of exceptions in which the defendant De la Granja's offer of proof was stated in substance as follows; but which contained no statement of any proofs of the plaintiffs.

" At the trial, the defendant rested his defence upon the following facts which he offered to prove: " In conformity with an agreement between himself and the plaintiff Emeline, they on May 9, 1866, signed an indenture, by which he let to her, for one year from that date, his furnished house on Temple Street in Boston, (excepting certain rooms, reserved for his own occupation,) on condition that she should pay a rent of $1200, in instalments of $100 each " on the first day of every successive month from the day of the date hereof, this above mentioned day being the first day of the first month for the purposes of said payment," and also on condition that she should keep all her other covenants; and she covenanted to pay rent in conformity with the terms of the condition quoted, and " at her own proper charge and expense to board the said lessor, together with his own immediate family, and to board one domestic servant in his, the said lessor's service and employ, at such reasonable rate as the parties to this instrument shall hereafter agree." And at the time of taking this lease she paid to the lessor $100 for one month's rent.

" At the end of the first month of said Emeline's occupation of said house, the defendant demanded of her payment of the ensuing month's rent in advance, which said Emeline refused to pay unless the defendant would make an allowance to her for the board of friends of the defendant, who had visited him and his family and been boarded by her for the period of two weeks. I he defendant refused to make this allowance, and ordered her to quit the premises. Subsequently said Emeline demanded of the defendant an allowance for board of his servant; and at another time, subsequently to the demand of payment for board of his servant, she demanded of him an allowance for board of him, his wife and infant child. And upon the defendant's refusal to make the several payments or allowances demanded of him, for the board of his visitors, his servant, himself, his wife and infant child, said Emeline refused either to pay him any rent or to furnish board to him or any one of his family. Thereupon the defendant, on June 23, 1866, dispossessed said Emeline of, and ejected her daughter Louisa J. Morrill from, the said house, together with their effects, after giving notice to them several days previously of his intention so to do, and after their promises and failures to leave said house, and after repeated demands upon said Emeline to pay rent and furnish board to the defendant and his family. In dispossessing said Emeline of, and ejecting Louisa from, said house, with their property, no force unreasonable in kind or degree was used." " On June 20, 1866, the action of ⸱Emeline for board was brought, and an attachment of property made thereupon."

The judge ruled " that the facts of which the defendant offered evidence would not in view of the terms of the lease justify or authorize his dispossessing Emeline, or the ejection of her daughter Louisa, or the removal of their property from said house in any manner. Thereupon the defendant [De la Granja] submitted to a verdict in favor of the plaintiff," and alleged exceptions, "and filed his agreement, that if these exceptions are not sustained damages may be assessed against him in the superior court in each of these actions."

*F. F. Heard,* for De la Granja.

*T. H. Sweetser & J. L. Newton,* for the plaintiffs.

COLT, J. These three actions, which were tried together grow out of the relations of the parties under a written lease from the defendant to said Emeline, dated May 9, 1866, of his house and furniture for one year, subject to the condition that she should pay rent therefor in the manner therein provided, and perform all her agreements therein contained. The rent was payable monthly in advance, on the first day of each successive month. And the lessee further agreed at her own proper charge and expense to board the lessor, together with his own immediate family; and to board one domestic servant in his, the lessor's, employ, at such reasonable rate as the parties should thereafter agree upon.

The defendant offered to prove, in defence of all the actions, that the first month's rent was paid in money in advance, and at the end of that month he demanded the rent for the ensuing month. Payment was at first refused unless allowances were made for the board of certain visitors in his family; and again refused unless the defendant would allow for board of his servant; and finally, unless the board of himself, and his wife and infant child, was allowed, in payment of rent. These several allowances the defendant refused to make, and the plaintiff refused to pay rent or board him or any of his family.

While the defendant and said Emeline maintained this attitude, namely, June 20, 1866, she brought the first of the above actions, in contract, to recover on an account annexed the three items, of board of the defendant and his wife, of the defendant's servant, and of his four friends and visitors. And in this case we are of opinion that, by the true construction of the lease, the plaintiff agreed to board the defendant and his wife at her own charge and expense. This stipulation seems to have entered into the consideration for the lease, and no recovery can be had upon the item. Under the next small item for board of the servant, upon the pleadings as they stand, no application thereof having been made or being now asked upon the rent due to the defendant, the plaintiff, for anything that appears, would be entitled to recover a reasonable compensation. And upon

the last item the plaintiff would of course recover a reasonable compensation, if the evidence should justify a finding that the defendant undertook and promised to be responsible for the board of his friends and visitors. In this case, therefore, judgment must be for the plaintiff; damages to be assessed by the superior court according to the agreement of the parties.

In reference to the other case in favor of said Emeline, the defendant offered to prove that, after having repeatedly demanded payment of rent and board for himself and family, which she refused to pay or furnish, and after the commencement of the first suit, in which his property was attached, to wit, on the 23d of June, he entered and dispossessed the said Emeline, and ejected said Louisa from his house, using no force unreasonable in kind or degree. This action in tort was afterwards on the same day commenced. Upon the terms of the lease and the facts offered to be shown, we are of opinion that the defendant was justified in so peaceably dispossessing the plaintiff. The rent was due and unpaid. It had been demanded, as well as the board agreed to be furnished; and both were refused. The payment was indeed withheld by the plaintiff on the claim that certain allowances should be made her for board; but it does not appear from the case that the sum which the plaintiff was legally entitled to for board was sufficient to meet the whole rent then due. If at law, and without the interference of a court of equity, the plaintiff could avoid a forfeiture by showing that the defendant was indebted to her, under the terms of the lease or otherwise, in a larger amount than the rent due, the case as presented does not show that fact. The verdict in the plaintiff's action of contract was submitted to, it would seem, upon the agreement that the question of the amount to be recovered in ea·h case should in any event be again open to him in the superior court. And a finding in that action of an amount due from the defendant on the day of its commencement, June 20, exceeding the rent then due him, would not alone prove that there was that amount due for board on June 1, the day the rent fell due. The use of the word "allowance" implies that she expected to apply it only in part payment; and

it was her duty, if she would escape the forfeiture which the lease provided, to have paid or tendered the balance due after applying the board.

If the counter claims of the plaintiff arising under the provisions of the lease were sufficient to balance the claim for rent, it may be that the lessor could not insist upon a forfeiture. The right to apply them by way of satisfaction or set-off could not be disputed. But here the principal item in the plaintiff's account arises entirely outside of the lease ; and no evidence was offered to support it. And besides, before the entry of the defendant, she had commenced an independent suit and attached his property to recover the amount of her account, no longer seeking to apply it on the rent.

In the last action of Emeline, and in the case of Louisa, to which the same reasoning applies, therefore the entry must be

*Exceptions sustained.*